UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWIN SCHLERETH, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23 CV 1429 RWS |
| AMERICAN RECOVERY SERVICE INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In this removed case, plaintiff claims that defendant debt collector violated the Fair Debt Collections Practices Act by attempting to collect a debt from him that he did not owe. When plaintiff disputed the debt, defendant responded that all it had to do was confirm that it was seeking the amount from plaintiff that the creditor claimed was due, not confirm whether the underlying debt was actually and accurately owed by plaintiff. It then told plaintiff that his credit agreement with the creditor required him to pay the amount sought.

Defendant has filed a motion to dismiss, claiming that plaintiff has not pleaded a violation of the FDCPA. Having reviewed the amended complaint under the appropriate standards,[1] the Court concludes that plaintiff's claim survives

---

[1] For plaintiff to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant

dismissal at this time. Whether plaintiff will ultimately prevail on his claim at trial is not before me at this time, but he is entitled to discovery on his claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [12] is denied.

This case will be set for a scheduling conference by separate Order.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2024.

---

is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. And, "factual allegations must be enough to raise a right to relief above the speculative level." *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).